■ JIN MING HE, Appellant, v JONG TIEN Ho et al., Respondents. [804 NYS2d 780]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County

(Polizzi, J.), dated March 30, 2005, as denied that branch of his motion which was for summary judgment, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Courts shall enforce the intent of the parties as expressed by the plain language of their contracts (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Paragraphs 16 and 21 (b) of the parties' contract, read together, expressly provide that if the defendants (hereinafter the sellers), inter alia, were unable to convey title free of tenancies, and if the plaintiff (hereinafter the purchaser) was unwilling to waive same, the sellers could pursue two contractual options. One option, initially undertaken here, was to adjourn the closing for up to 60-day intervals, during which time the sellers would endeavor to "remove, remedy, discharge or comply with such Defects." The second option, which was ultimately undertaken, was for the sellers to cancel the contract "at Seller's sole election" either instead of or after 60-day extensions of the closing.

Here, the sellers attempted to evict a tenant from the premises but were unable to do so for an extended period of time, despite the commencement of holdover proceedings. The purchaser refused to accept title that was subject to the tenancy. Accordingly, the Supreme Court properly determined that the sellers were within their contractual right to elect to cancel the contract and to direct the return of the purchaser's down payment. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.